**SIDLEY AUSTIN LLP**
Lee S. Attanasio
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300

*Attorneys for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                        :
                                                                                  : Chapter 15
Petition of David McGuigan, as foreign              :
representative of                                                      : Case No. 11-[____](___)
                                                                                  :
Tokio Marine Europe Insurance Limited           :
                                                                                  :
Debtor in a Foreign Proceeding..                       :
                                                                                  :
                                                                                  :
------------------------------------------------------------x

# APPLICATION FOR ORDER SCHEDULING HEARING AND APPROVING THE FORM AND MANNER OF SERVICE OF NOTICE

David McGuigan (the "<u>Petitioner</u>"), as the duly appointed foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), of Tokio Marine Europe Insurance Limited (the "<u>Scheme Company</u>" or "<u>Debtor</u>"), which is subject to an adjustment of debt proceeding (the "<u>English Proceeding</u>") and bound by that certain scheme of arrangement pursuant to Part 26 of the Companies Act 2006 of England and Wales (the "<u>Scheme</u>")[1] sanctioned by the High Court of Justice of England and Wales (the "<u>English Court</u>") on April 15, 2011, by his U.S. counsel, Sidley Austin LLP, respectfully submits this application (the "<u>Application</u>") for an order (i) scheduling a hearing on the relief sought in the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Scheme.

Verified Petition Under Chapter 15 For Recognition Of A Foreign Proceeding And Motion For Permanent Injunction (the "<u>Verified Petition and Motion</u>"), filed simultaneously herewith, and (ii) approving the form and manner of service of notice requested by this Application. In support of the Application, the Petitioner respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Petitioner, as foreign representative of the Scheme Company, has commenced this chapter 15 case (the "<u>Chapter 15 Case</u>") pursuant to section 1504 of the Bankruptcy Code by filing the Verified Petition and Motion contemporaneously herewith, and accompanied by, all certifications, statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). By the Verified Petition and Motion, the Petitioner seeks, <u>inter</u> <u>alia</u>, (a) recognition of the English Proceeding and the Scheme sanctioned by the English Court as a "foreign main proceeding," as defined in section 1502(4), or, alternatively, as a "foreign nonmain proceeding" as defined in section 1502(5); and (b) a permanent injunction and related relief. Relief under chapter 15 of the Bankruptcy Code is necessary to ensure that Scheme Creditors domiciled in the United States will not be able to take action to their advantage and to the disadvantage of other creditors, thereby potentially jeopardizing the Scheme.

2. The Declaration of David McGuigan in support of the Verified Petition Under Chapter 15 For Recognition Of A Foreign Proceeding And Motion For Permanent Injunction (the "<u>McGuigan Declaration</u>") filed simultaneously herewith and incorporated by reference as if fully set forth herein, recites the facts pertinent to, and necessary to sustain, the chapter 15 petition and the relief requested thereby, including, without limitation, evidence that:

    a. a foreign proceeding respecting the Scheme Company was duly commenced and the Scheme has been sanctioned by the English Court;

b.   the Petitioner has been duly appointed and authorized to serve as the foreign representative for the Scheme Company and to petition for relief under chapter 15; and

c.   the Petitioner is entitled to seek the relief requested.

3.   This Application is made pursuant to sections 105, 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 9007 and 9008 for the entry of an order (the "Proposed Order") in the form annexed hereto as Exhibit A: (i) approving the form of notice of hearing annexed hereto as Exhibit B (the "Notice"); (ii) setting a date for a hearing on the relief sought in the Verified Petition and Motion; and (iii) specifying the manner of service of the Notice, including by way of publication.

## BACKGROUND

4.   The Scheme Company is an insurance company. It is incorporated under the laws of England and Wales and maintains its registered office in England.

5.   The business with which the Scheme is concerned (the "Scheme Business") is all reinsurance business. The Scheme Company underwrote non-life insurance and reinsurance business in the London insurance market under the name The Tokio Marine & Fire Insurance Company (U.K.) Limited (between 1970 and 2002) and, from 2002 onwards, under its present name. This business was mainly non-marine and included traditionally long-tail policies exposed to asbestos, pollution and health hazard type risks emanating principally from Europe and the United States. The Scheme relates to only part of the Scheme Company's business.

6.   The Scheme Business has been in solvent "run-off" since 2004. The run-off involves the management of liabilities arising from the Scheme Business. In the normal course, it is estimated that it would take at least another 30 to 40 years to run-off the remaining liabilities which are included in the Scheme.

7. Accordingly, to bring the run-off of the Scheme Business to a close, the Scheme Company proposed a "cut off" scheme of arrangement. The Scheme will enable Scheme Creditors to be paid early by providing for all claims (including contingent and unliquidated claims) to be valued and paid as soon as possible. The key objectives of the Scheme are the crystallization and payment of Scheme Claims in an orderly fashion. The Scheme Company is solvent and anticipates that all claims addressed by the Scheme will be paid in full in accordance with the Scheme.

8. On December 2, 2010, the English Court conducted a hearing and entered an order (the "Convening Order"), determining it had jurisdiction over the Scheme Company and directing that a creditors' meeting relating to the Scheme (the "Creditors' Meeting") be convened for the purpose of considering and, if thought fit, approving the Scheme (with or without modification). A true and correct copy of the Convening Order is attached to the Verified Petition and Motion as Exhibit G. In addition, the English Court declared, affirmed and certified that the Petitioner is the foreign representative of the proceeding concerning the Scheme of the Scheme Company for the purpose of filing the petition for recognition of its Scheme, and for additional relief under chapter 15 of the Bankruptcy Code.

9. In the Convening Order, the English Court prescribed how notice of the Creditors' Meeting should be given to the Scheme Creditors. The Scheme Company duly complied with the notice requirements of the Convening Order, which required, inter alia, that the explanatory statement required to be provided pursuant to Section 897(1)(a) of the Companies Act 2006 and schedules thereto (the "Explanatory Statement") be sent by pre-paid first class mail or airmail (as appropriate) addressed to: (i) each person or entity of which Pro

Insurance Solutions Limited ("Pro")[2] was aware and which it believed was or might be a Scheme Creditor and for which it had a current address; and (ii) to each existing broker or successor to a broker known by Pro to have claims within the scope of the Scheme and for which it had a current address, in each case to what Pro reasonably believed to be its last known address. The Explanatory Statement stated that the Scheme Company intended to seek a permanent injunction from this Court, pursuant to chapter 15 of the Bankruptcy Code, inter alia, ordering that the Scheme be given full force and effect, and be binding on and enforceable against any and all Scheme Creditors in the United States.

10. On April 7, 2011, the meeting of the Scheme Company's Scheme Creditors took place and the requisite majorities of the Scheme Creditors voted in favor of the Schemes. On April 15, 2011, the English Court, upon notice and a hearing, entered an order sanctioning the Scheme (the "Sanction Order"). A true and correct copy of the Sanction Order is attached to the Verified Petition and Motion as Exhibit B.

11. The Effective Date of the Scheme is April 15, 2011, the date on which a copy of the Sanction Order was delivered to the Registrar of Companies in England and Wales. See Registrar of Companies Stamped Receipt attached to the Verified Petition and Motion as Exhibit C.

## RELIEF REQUESTED

A. Limiting Disclosure of Litigation and Notice

12. Among other things, the Scheme is designed to, (i) terminate the run-off of the Scheme Business earlier than would be the case if Scheme Claims were left to mature in the normal course, and (ii) make distributions to Scheme Creditors in an orderly and efficient

---

[2] Pro, a company incorporated in England, is a provider of (re)insurance outsourcing and consultancy services. Among other activities, Pro specializes in managing and administering the run-off of (re)insurance businesses.

fashion. By its terms, the Scheme only applies to Scheme Claims and Scheme Creditors. The Scheme does not relate to any other creditors, business, activities, liabilities or assets of the Scheme Company.

13. By the Verified Petition and Motion, the Petitioner, as the foreign representative of the Scheme Company, is seeking recognition of the Scheme, a permanent injunction, and related relief to the extent such relief is consistent with the terms of the Scheme. Accordingly, if granted, the relief requested would not relate to any creditors, business, activities, liabilities or assets of the Scheme Company not covered by the terms of the Scheme.

14. Bankruptcy Rule 1007(a) requires that, unless the Court otherwise orders, the Petitioner must file a list containing, among other things, the names and addresses of "all parties to any litigation in which the debtor is a party and that is pending in the United States at the time of the filing of the petition." Fed. R. Bankr. P. 1007(a). In addition, Bankruptcy Rule 2002(q) requires that notice of the hearing to consider recognition be given to, among others, all such parties. Fed. R. Bankr. P. 2002(q). The purpose of these Bankruptcy Rules is to "ensure that the entities most interested in the case, or their representatives, will receive notice of the petition." See Fed. R. Bankr. P. 1007(a) advisory committee's notes (2005).

15. The Petitioner understands that the Scheme Company may be a party to litigation that has been commenced or is pending in the United States that would not be affected by the Scheme Company's Scheme nor the relief requested in this Chapter 15 Case. Accordingly, the disclosure of the parties to such litigation or the service of notice of this Chapter 15 Case on such parties would not accomplish the purpose of Bankruptcy Rules 1007 or 2002(q). Indeed, such service may cause confusion among the parties to such litigation in that they may mistakenly conclude that the Petitioner is requesting relief with respect to matters

unrelated to Scheme Claims against the Scheme Company. Accordingly, the Petitioner respectfully requests that the Bankruptcy Court (i) waive the requirement of Bankruptcy Rule 1007(a) to disclose all parties to litigation, except to the extent that such litigation is related to Scheme Claims against the Scheme Company or the Scheme Business, and (ii) limit notice under Bankruptcy Rule 2002(q) to parties to litigation related to Scheme Claims against the Scheme Company or the Scheme Business.

16. Additionally, the Petitioner respectfully requests that the requirement set forth in section 1514(c) of the Bankruptcy Code be waived in this instance. That section provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. §1514(c). However, as explained in Collier, the section is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511, 1514(a) provides that foreign creditors shall receive proper notice in cases in the United States." 8 COLLIER ON BANKRUPTCY 1514.01 (15th ed. rev. 2005) (emphasis added). Given that the Petitioner is not seeking relief under chapter 15 of the Bankruptcy Code as to parties not in the jurisdiction of the United States, the Petitioner respectfully requests that the requirements set forth in section 1514(c) be waived in this instance,

17. In addition, the Petitioner respectfully requests that such requirement be waived, because such creditors will have already received the notice required under section 1514(c) by the Scheme Company in connection with the Scheme. As set forth in the McGuigan Declaration and in the Verified Petition and Motion, by letter dated April 28, 2011, the Scheme Manager caused to be sent, by post, to each Scheme Creditor known to it as of the Effective

7

Date, and of whom it was aware and for whom it had a current address, notification of the Effective Date and the Bar Date, together with a Claim Form.

18. Such notice was also placed on the Scheme Companies' website and advertised in (i) England in (a) the Financial Times (UK and worldwide) on May 3, 2011, (b) Insurance Day on May 3, 2011 (c) the London Gazette on May 3, 2011; and (ii) the USA in (a) Business Insurance magazine on May 2, 2011, (b) The Wall Street Journal (USA National as part of Global) on May 3, 2011, and (c) The Wall Street Journal (International as part of Global) on May 3, 2011.

19. Claim Forms sent to the Scheme Creditors included details of all known Scheme Reinsurance Contracts that in the reasonable opinion of the Scheme Manager, might give rise to that Scheme Creditor having a Scheme Claim, together with details of any claim arising under or balance in relation to such Scheme Reinsurance Contract which, as at the Effective Date, was valid and due having been agreed by or on behalf of the Scheme Company and the party to which it was due, but which had not been paid by it or discharged by the operation of set-off or otherwise ("Unpaid Agreed Claims").

B. Scheduling Hearing and Service

20. Petitioner respectfully requests that the Court set a hearing on the Verified Petition and Motion (the "Recognition Hearing") on September 8, 2011 or on September 9, 2011, or as soon thereafter as the Court's calendar permits. In addition, the Petitioner respectfully requests that the Court enter an order finding that the following procedures constitute adequate and sufficient notice of the commencement of the Chapter 15 Case, and of the Recognition Hearing to consider the relief sought in the Verified Petition and Motion: (i) service of the Notice, the Official Form Chapter 15 Petition for the Scheme Company, the

Verified Petition and Motion (without the exhibits thereto), the Memorandum of Law, the List submitted pursuant to Bankruptcy Rule 1007(a)(4), the Statement of Foreign Representative required pursuant to 11 U.S.C. §1515, and the Proposed Order Granting Recognition of Foreign Proceedings, Permanent Injunction and Related Relief (collectively, the "<u>Service Documents</u>") by United States mail, first-class postage prepaid, upon all known potential Scheme Creditors and all other parties against whom relief is sought (or their counsel) that have addresses in the United States, in accordance with Bankruptcy Rule 2002(a), on or before on August 1, 2011, and (ii) publication of the Notice in <u>Business Insurance</u> and <u>The Wall Street Journal</u> (U.S. Edition) on or before on August 1, 2011.  The Petitioner respectfully requests that this Court approve the foregoing manner of service of the Service Documents pursuant to Bankruptcy Rules 2002(a), 9007 and 9008.

21.     The Petitioner also respectfully requests that the Court require that any party-in-interest wishing to submit a response or objection to the Verified Petition and Motion or the relief requested by the Petitioner must do so in accordance with the Bankruptcy Code and the Bankruptcy Rules, and in writing and setting forth the basis therefor, which response or objection must be filed electronically with the Court by registered users of the Court's electronic case filing system in accordance with General Order M-242 (a copy of the which may be viewed on the Court's website at <u>www.nysb.uscourts.gov</u>), and by all other parties-in-interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, which disk shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408, and a hard copy of such response or objection to be sent to the Chambers of the Honorable United States Bankruptcy Judge assigned to this case, and served upon Sidley Austin LLP, 787 Seventh Avenue, New York, New York

10019 (Attention: Lee S. Attanasio and Alex R. Rovira), counsel to the Petitioner, so as to be received on or before 4:00 p.m. (Eastern Standard Time) on August 29, 2011.

22. Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond thereto, except that if service is made by publication on a party not residing within the state in which the court sits, the court shall prescribe the time for filing and serving the response, and Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a chapter 15 petition. See Fed. R. Bankr. P. 1011(b) and 2002(q)(1). Accordingly, the Petitioner requests that the Court set the Recognition Hearing on the Verified Petition and Motion on September 8, 2011 or on September 9, 2011, which shall be over 30 days after service thereof, or as soon thereafter as the Court's calendar permits.

C. Waiver of Summons

23. With respect to the Scheme Company, the Petitioner is requesting recognition of a foreign main proceeding or, in the alternative, recognition of a foreign nonmain proceeding. According to Bankruptcy Rule 1010, upon the filing of a petition for recognition of a foreign nonmain proceeding, the clerk shall issue a summons for service. Bankruptcy Rule 1010, however, further provides that "[w]hen a petition for recognition of a foreign nonmain proceeding is filed, service shall be made on the debtor, any entity against whom provisional relief is sought under § 1519 of the Code, and on any other parties as the court may direct." Fed. R. Bankr. P. 1010. Because the Petitioner is not seeking any provisional relief under section 1519 of the Bankruptcy Code, the Petitioner respectfully submits that a summons under Bankruptcy Rule 1010 is not necessary in the present case. Moreover, all of the notice to be

contained in such a summons is set forth in the Notice which will be served on all Scheme Creditors of the Scheme Company and other parties-in-interest. The Petitioner therefore requests that this Court waive any requirement to issue or serve a summons under Bankruptcy Rule 1010.

### BASIS FOR RELIEF REQUESTED

24. At the Petitioner's direction, Pro, the Scheme Company's run-off manager in respect of the Scheme Business since 2005 (and, since the Scheme became effective on April 15, 2011, the Scheme Manager), undertook a review of the records of the Scheme Company's policyholders relating to the Scheme Business and compiled a list of Scheme Creditors based in the U.S. and other parties-in-interest for which the Petitioner had addresses as of the date of the filing of the Verified Petition and Motion. The Petitioner also instructed Pro to search for any known parties to any litigation and/or arbitration that is currently pending in the United States and involving the Scheme Company. Prior to the Recognition Hearing, to the extent that the Petitioner becomes aware of additional potential creditors and parties to any litigation and/or arbitration involving the Scheme Company in the United States, counsel for the Petitioner will serve a copy of the Service Documents upon such entities located in the United States as soon as reasonably practicable.

25. Notwithstanding the review Pro conducted to create a comprehensive service list, the Petitioner proposes, in order to maximize the binding effect of this proceeding and so as to not inadvertently exclude anyone from this notice process, to publish the notice in the United States in Business Insurance and The Wall Street Journal (U.S. Edition) as a means to effect service of process in a cost effective manner. The Notice contains information on how parties-in-interest can obtain a copy of the Service Documents.

26. Bankruptcy Rules 9007 and 9008 empower this Court to prescribe the time, form and manner in which notice shall be given, including the authority to authorize the form and manner of service or notice by publication. See Fed. R. Bankr. P. 9007 and 9008.

27. The Petitioner respectfully requests that this Court enter its order finding that (i) service of the Service Documents by United States mail, first-class postage prepaid, upon all known potential Scheme Creditors and all other parties against whom relief is sought (or their counsel) that have addresses in the United States, in accordance with Bankruptcy Rule 2002(a), on or before August 1, 2011 and (ii) publication of the Notice in <u>Business Insurance</u> and <u>The Wall Street Journal</u> (U.S. Edition) on or before August 1, 2011, constitutes adequate and sufficient notice of this Chapter 15 Case and the relief sought in the Verified Petition and Motion.

WHEREFORE, the Petitioner respectfully requests that this Court (i) enter an order substantially in the form attached hereto as <u>Exhibit A</u>; (ii) approve the form of notice of hearing annexed hereto as <u>Exhibit B</u>; and (iii) grant such other and further relief as is just and proper.

Dated: July 18, 2011
     New York, New York

SIDLEY AUSTIN LLP

By: /s/ Lee S. Attanasio
Lee S. Attanasio
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for the Petitioner*